UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. P.,[1] | Case No.: 8:24-2181 ADS |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| FRANK BISIGNANO,[2] Commissioner of Social Security, | |
| Defendant. | |

## I.    INTRODUCTION

Plaintiff Michael M. P. ("Plaintiff") challenges Defendant Frank Bisignano, Commissioner of Social Security's (hereinafter "Commissioner" or "Defendant") denial of Plaintiff's application for supplemental social security income under Title XVI of the

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.
[2] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted for Martin O'Malley as the defendant.

Social Security Act.  Plaintiff contends that the Administrative Law Judge's ("ALJ") decision is not supported by substantial evidence in light of new evidence Plaintiff submitted to the Appeals Council after entry of the ALJ decision.  (Dkt. No. 14, Pl. Br. at 7.)  For the reasons stated below, the decision of the Commissioner is affirmed, and this matter is dismissed with prejudice.

## II.    FACTS RELEVANT TO THE APPEAL

A review of the entire record reflects certain facts relevant to this appeal.  Plaintiff is in his thirties.  Plaintiff alleges he cannot work due to due to degenerative disc disease ("DDD"), disc displacement, pain unspecified, bipolar disorder, depression, and generalized anxiety disorder ("GAD").  (Administrative Record, "AR" 101.)  He had been diagnosed with herniated lumbar disc, L3, L4, and L5; he had obsessive compulsive disorder (OCD), previous polysubstance abuser, rapid onset panic attacks, eating disorder, and spinal fusion and disc replacement.  (AR 101–102.)

Plaintiff reported that he continued to have excruciating pain from his back; he had loss of ROM in his neck, pain in his neck, and numbness and tingling in extremities (AR 102.)  At the hearing, the claimant testified that he cannot return to work as he cannot perform functionally to the level required and continued to have back pain; symptoms from mental impairments; and suffered from side effects of medications, mostly drowsiness.  (Id.)

## III.    PROCEEDINGS BELOW

### A.    Procedural History

Plaintiff filed an application for Supplemental Security Income ("SSI") on March 18, 2021, alleging a disability onset date of July 8, 202.  (AR 319–321.)  Plaintiff's application was denied initially on March 23, 2022, and upon reconsideration on

September 6, 2022. (AR 97.) Plaintiff filed a written request for hearing, received on November 2, 2022. (Id.) A telephonic hearing was held before ALJ M. Radensky on June 16, 2023. (Id.) On June 16, 2023, Plaintiff requested postponement in order to obtain a representative. (Id.) On October 20, 2023, the ALJ held a supplemental hearing, via telephone. (Id.) Plaintiff appeared, without representation. (Id.)

On November 28, 2023, the ALJ found Plaintiff was not disabled within the meaning of the Social Security Act. (AR 107.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on September 13, 2024. (AR 1–5.) Plaintiff then filed this action in District Court on October 8, 2024, challenging the ALJ's decision. (Dkt. No. 1.)

On January 8, 2025, Defendant filed an Answer, as well as a copy of the Administrative Record. (Dkt. No. 13.) Plaintiff filed an opening brief ("Plaintiff's Brief") on February 5, 2025. (Dkt. No. 14.) Defendant filed a responsive brief ("Defendant's Brief") on April 7, 2025. (Dkt. No. 17.) Plaintiff filed a Reply on April 21, 2025. (Dkt. No. 18.) The case is ready for decision.[3]

**B.    Summary of ALJ Decision After Hearing**

In the decision (AR 97–107), the ALJ followed the required five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act.[4] See 20 C.F.R. § 404.1520(a). At **step one**, the ALJ found that Plaintiff had not

---

[3] The parties filed consents to proceed before a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c), including for entry of final Judgment. (Dkt. Nos. 7, 9-10.)

[4] The ALJ follows a five-step sequential evaluation process to assess whether a claimant is disabled: Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two. Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate. Step three: Does the claimant's impairment or combination of

been engaged in substantial gainful activity since July 8, 2021, the application date. (AR 19.)  At **step two**, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease (DDD) of lumbar spine, status post fusion, anxiety, bipolar disorder, and posttraumatic stress disorder (PTSD).  (Id.)  At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings").  (Id.)

> The ALJ found that Plaintiff had the RFC[5] to perform
>
> light work as defined in 20 CFR 416.967(b) except occasional postural activities; no ladders, scaffolds or ropes; and no unprotected heights or dangerous moving machinery. He is limited to occasional interaction with coworkers and supervisors; no fast-paced work such as rapid assembly or conveyor belt work; and only routine changes in a work setting.

(AR 21.) At **step four**, the ALJ found Plaintiff has no past relevant work.  (AR 24.)  At **step five**, considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there were jobs existing in significant numbers in the national economy that Plaintiff could perform, including representative occupations such as cleaner housekeeping, marker, and routing clerk.  (AR 107.)  Accordingly, the ALJ determined that Plaintiff was not disabled since July 8, 2021, through the date of the decision.  (Id.)

---

impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled.  If not, proceed to step four. Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.  Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.  See 20 C.F.R. § 404.1520.

[5] An RFC is what a claimant can still do despite existing exertional and nonexertional limitations.  See 20 C.F.R. § 404.1545(a)(1).

## IV. ANALYSIS

### A. Issue on Appeal

Plaintiff raises for review the issue of whether the ALJ's decision is supported by substantial evidence in light of new evidence Plaintiff submitted to the Appeals Council after entry of the ALJ decision.  (Pl. Br. at 7.)

### B. Standard of Review

A United States District Court may review the Commissioner's decision to deny benefits pursuant to 42 U.S.C. § 405(g).  The District Court is not a trier of the facts but is confined to ascertaining by the record before it if the Commissioner's decision is based upon substantial evidence.  Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014) (District Court's review is limited to only grounds relied upon by ALJ) (citing Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)).  A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied.  Mayes v. Massanari, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended).  An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence.  Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion."  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted).  "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld."  Ryan v. Comm'r, 528

F.3d 1194, 1198 (9th Cir. 2008) (citing Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)); see Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ.").  However, the Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citation omitted).

Lastly, even if an ALJ errs, the decision will be affirmed where such error is harmless, that is, if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity."  Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended) (citation omitted); Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012), superseded by regulation on other grounds as stated in Smith v. Kijakazi, 14 F.4th 1108, 1111 (9th Cir. 2021).

### C.  The ALJ's Decision Is Supported by Substantial Evidence

Phillips submitted additional medical evidence to the Appeals Council.  (See AR 6–91.)  The Appeals Council found the medical evidence submitted "does not show a reasonable probability that it would change the outcome of the decision."  (AR 2.)  Included in the additional evidence submitted to the Appeals Council are a February 2024 MRI of the lumbar spine and a February 2024 treatment record.  (AR 30–32, 42–44.)  The ALJ issued his decision on November 28, 2023.  (AR 107.)

The MRI assessment states that Plaintiff has a three-millimeter disc bulge contributing to mild spinal canal narrowing at L2-L3 as well as severe multifactorial spinal canal narrowing including 2 millimeter retrolisthesis of L3 on 4 and disc

extrusion measuring approximately 8 millimeters at L3-L4. (AR 31.) The MRI also revealed probable mild bilateral foraminal narrowing at L4-L5 and moderate left and mild right foraminal narrowing at L5-S1. (Id.)

The newly submitted treatment note was written by Dr. Kurtz after he examined Plaintiff on February 21, 2024. (AR 42-44.) Dr. Kurtz noted that Plaintiff had abnormal motor strength, muscle weakness and difficulties with fine and gross movements in his lower extremities and hands. (AR 43.) Dr. Kurtz specifically stated that Plaintiff's "cervical disc disorder with radiculopathy", "lumbago with sciatica", and "chronic low back pain" all had onset dates of February 21, 2024. (AR 42.)

Plaintiff argues that the MRI assessment and treatment notes relate back to the period of time before the ALJ issued his decision, because the symptoms could not have developed spontaneously. (Pl. Br. at 6.) Plaintiff argues there is a reasonable possibility that the new evidence would change the outcome of the ALJ's decision because it directly contradicts objective evidence relied upon by the ALJ. (Id. at 7.)

In opposition, Defendant argues that the late submitted evidence does not undermine the ALJ's decision. Defendant contends that the MRI and treatment notes are dated more than two months after the ALJ's decision and do not relate back to the relevant period. (Def. Br. at 5.) Furthermore, according to Defendant, the MRI reflects degenerative spinal changes which are not inconsistent with the ALJ's RFC finding. (Id.)

### 1. Legal Standard for New Evidence

The Ninth Circuit has held that "when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record." Brewes v.

Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1159–60 (9th Cir. 2012).  Consequently, "the district court must consider [it] in determining whether the Commissioner's decision is supported by substantial evidence."  Id.

### 2.   The New Evidence Does Not Undermine the ALJ's Decision

Here, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's testimony was not entirely consistent with the medical evidence and other evidence in the record. (AR 102.)  However, the ALJ cited to many reasons, amounting to substantial evidence, for why he discounted Plaintiff's testimony about back pain and found that Plaintiff's back problems were not disabling.

The ALJ cited to an orthopedic evaluation in February 2022, at which Plaintiff "was in no acute distress; he was able to ambulate without an antalgic gait; cervical range of motion (ROM) was within normal limits; and ROM of the shoulders, elbows, wrists, hands and fingers was within normal limits."  (AR 104.)  The ALJ's decision pointed to "x-rays of the lumbar spine ..., which showed artificial disc in good position at L4-5; anterior fusion at L5-S1; and possible laminectomy at L5."  (AR 103.)  The ALJ also noted "additional inconsistencies in the record that further undermine the claimant's persuasiveness.  The claimant testified that he wears a back brace, but this is not mentioned in the record.  The evidence reveals that there is no assistive device needed, and there are no motor or sensory deficits on examination.  It was observed that the claimant had normal gait and he walked into the examination room without assistance of a walking device."  (AR 104.)  The new evidence does not contradict the evidence the ALJ cited for his findings.

In addition, the new evidence is not inconsistent with the ALJ's RFC finding. The ALJ already restricted Plaintiff to light work, except postural activities, no ladders, scaffolds or ropes and no unprotected heights or dangerous moving machinery. (AR 101.) While the MRI assessment shows severe spinal canal narrowing at L3-L4, Plaintiff does not argue that this new evidence would have any impact on the RFC or that Plaintiff could not do light work based on this evidence. Therefore, even if the decision was not supported by substantial evidence in light of Plaintiff's newly submitted evidence, the error is harmless and does not warrant remand.

## V.    CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED, and the action is DISMISSED with prejudice. Judgment shall be entered accordingly.

DATED: March 13, 2026

_____/s/ Autumn D. Spaeth_____
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge